UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN SKILLERN,

Plaintiff,

v.    609CV022

GEORGIA STATE PRISON; Guard JOHNNY SMITH; VICKI NAIL; Counselor STRICKLAND; STEVE UPTON; JOHN PAUL; NURSE ETHRIDGE; NURSE HUGHES; Nurse ROUSE; B. CLARK; Lt. E. WILLIAMS; W.M. MERRITT; Deputy Warden UNDERWOOD; Deputy Warden HAWKINS; Warden HUMPHREY; Dr. AKUNAME; Unit Manager ROLLAIN; Deputy Warden HANDBERRY; FNU GOTTLIEB; FNU GARRETTE; and FNU McCART,

Defendants.

## ORDER

Before the Court are several post-judgment motions filed by plaintiff-inmate Warren Skillern. Doc. ## 36, 37, 43. On 8/24/09, this Court adopted the Magistrate Judge's Report and Recommendation recommending that Skillern's 42 U.S.C. § 1983 complaint be dismissed without prejudice. Doc. # 25. Skillern filed a Notice of Appeal ("NOA"), doc. # 27, and a motion for leave to appeal *in forma pauperis* ("IFP"), doc. # 28. The Court denied Skillern's IFP motion, finding that none of the issues he presented for appeal could be considered non-frivolous. Doc. # 34. The Court will now address each of Skillern's pending motions in turn.

First, Skillern's motion for the undersigned to recuse himself from the administration of this case is *DENIED*, doc. # 36, as the undersigned is impartial and has not been shown to harbor any personal bias or prejudice against Skillern, as required by 28 U.S.C. § 455.

Next, Skillern has filed an NOA and motion to appeal IFP. Doc. # 37. Skillern wishes to appeal the Court's denial of IFP status to him with regards to his appeal of the dismissal of his § 1983 complaint, doc. # 34. Skillern's motion to appeal IFP is *DENIED*, doc. # 37, because, as Skillern has been advised before,[1] the rules do not permit what amounts to an appeal of an IFP denial. *See* F.R.App.P. 24(a)(5) (advising a party who is unsatisfied with the district court's denial of IFP status on appeal to file a motion to proceed IFP with the *appellate court* within 30 days of the district court's denial).

Finally, Skillern has filed a motion asking the Court to reconsider its denial of his motion to appeal IFP and to rule on the recusal motion. Doc. # 43. The recusal motion has been denied earlier in this Order. The motion for reconsideration of the IFP denial is likewise *DENIED*, doc. # 43, as Skillern presents arguments unrelated to the Court's basis for denying him IFP status. The Court denied IFP status because it found that the dismissal of Skillern's § 1983 claim, due to improper joinder of parties and claims, was well-founded, and that Skillern raised no other non-frivolous appealable issues. Doc. # 34 at 1. In the present motion, Skillern describes two shortcomings and inaccuracies he found within the Court's IFP denial Order. Doc. # 43. First, he claims that the Court "admit[ted]" that the § 1983 violations he had alleged could cause him harm. *Id.* at 2. This fact, even if true, was not relevant to

---

[1] *See Skillern v. Paul, et al.*, No. 606CV017, doc. # 19 (S.D. Ga. filed 2/13/06) ("The ... IFP motion is *DENIED* because the rules do not permit what amounts to an appeal of an IFP denial. Rather, Skillern must invoke F.R.App.P. 24(a)(5) (denied IFP, an inmate may then move the appellate court for same).").

the Court's grounds for denying IFP. *See* doc. # 34 (explaining that the harms he had alleged were "unlikely" and that any such "*effect* of the [alleged] misconduct ... is irrelevant as to whether" Skillern's claims met the requirements for proper joinder, upon which the dismissal of the case was based) (emphasis in original). Additionally, Skillern claims that the Court "fail[ed] to outline a true procedural history" of the case, because the Court indicated that this action originated in the Southern District of Georgia, when in fact it originated in the Northern District of Georgia and was later transferred to this Court. Doc. # 43 at 2. The geographic origin of the case had no bearing on the decision to deny IFP status.

For the foregoing reasons, Warren Skillern's motions are all *DENIED*. Doc. ## 36, 37, 43.

This day of 25 November 2009.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA