UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN SKILLERN,

Plaintiff,

v.  609CV022

GEORGIA STATE PRISON; Guard JOHNNY SMITH; VICKI NAIL; Counselor STRICKLAND; STEVE UPTON; JOHN PAUL; NURSE ETHRIDGE; NURSE HUGHES; Nurse ROUSE; B. CLARK; Lt. E. WILLIAMS; W.M. MERRITT; Deputy Warden UNDERWOOD; Deputy Warden HAWKINS; Warden HUMPHREY; Dr. AKUNAME; Unit Manager ROLLAIN; Deputy Warden HANDBERRY; FNU GOTTLIEB; FNU GARRETTE; and FNU McCART,

Defendants.

## ORDER

Before the Court are numerous post-judgment motions filed by plaintiff-inmate Warren Skillern. Doc. ## 47 (motion for reinstatement of action), 49 (motion for reconsideration), 52 (petition for a certificate of probable cause).

Skillern's motion for reinstatement of action is *DISMISSED* for lack of jurisdiction. Doc. # 47. Skillern's pending appeal before the Eleventh Circuit precludes this Court from considering his motion. Doc. # 27 (Notice of Appeal); *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Skillern's "omnibus motion," which this Court construes as a motion for reconsideration, asks the Court to reconsider its earlier Order, doc. # 45, denying a motion for recusal, doc. # 36, denying an earlier motion for reconsideration, doc. # 43, and denying him leave to appeal *in forma pauperis*. Doc. # 49. Skillern's 12/14/09 motion for reconsideration is *DENIED*. *Id.*

Finally, Skillern asks the Court for a certificate of probable cause. Doc. # 52. A certificate of probable cause ("CPC") is the precursor to the certificate of appealability ("COA"). *See Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) ("[The Anti-Terrorism and Effective Death Penalty Act] changed the name of the certificate required to appeal the denial or dismissal of a [habeas] petition from CPC to [COA] and added a statutory standard for issuing the certificate."). A COA is required when an appeal is taken from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. *See* 28 U.S.C. § 2253(c)(1). Because Skillern appeals from a final order in a civil rights proceeding under 42 U.S.C. § 1983, he is not required to obtain a COA. His request for a CPC is unnecessary and thus *DENIED*. Doc. # 52.

This day of 1 April 2010

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA